IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ALEXANDER JACKSON JR.,

Plaintiff,

vs.

SOCIAL SECURITY ADMINISTRATION
COMMISSIONER, and JAN DUTTON,
Administrative Law Judge;

Defendants.

8:26CV43

ORDER

Plaintiff commenced this action pro se against the Commissioner of the Social Security Administration on January 30, 2026. Filing No. 1. On February 2, 2026, the Court entered an order requiring, inter alia, Plaintiff to file a motion for order reversing the Commissioner's decision within 30 days after Defendant filed an answer and the administrative record. Filing No. 3 at 1. The Clerk of Court sent a copy of this order to Plaintiff at the return address from which he mailed his Complaint: a P.O. Box for the Scotts Bluff County Detention Center. Filing No. 1 at 12. The mail was returned as undeliverable, but the Clerk successfully re-mailed it to a street address for the Scotts Bluff County Detention Center. Filing No. 6.

Defendant filed its answer and the administrative record on March 31, 2026, Filing No. 8; Filing No. 9, making Plaintiff's deadline to file his motion for order reversing the Commissioner's decision April 30, 2026. Plaintiff did not file his motion by that deadline. Instead, on May 15, 2026, the Court issued an order sua sponte granting Plaintiff an additional 30 days to file his motion for order reversing the Commissioner's decision, making Plaintiff's new deadline June 12, 2026. Filing No. 12. The Clerk of Court mailed a copy of the May 15th Order to the same Scotts Bluff County Detention Center street address, but it

1

was returned as undeliverable because there was "No Inmate in Custody by this name." Filing No. 13 at 2. No forwarding address was provided. To date, Plaintiff has failed to contact the Court to provide an updated address. Furthermore, the extended deadline for Plaintiff to file his motion for order reversing the Commissioner's decision has now passed.

The Federal Rules of Civil Procedure and this district's local rules contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. *See* Fed. R. Civ. P. 41(b) (providing that an action may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order"); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (stating the district court possesses the power to dismiss sua sponte under Rule 41(b)). Plaintiff has failed to comply with the deadlines set in this case on at least two occasions and has failed to keep the Court apprised of his address. Accordingly, the Court finds the case should be dismissed without prejudice for failure to comply with the Court's order and failure to prosecute.

IT IS ORDERED:

1. The case is dismissed without prejudice for Plaintiff's failure to comply with Court orders, failure to prosecute the case, and failure to keep the Court apprised of his mailing address.

2. The Court will enter a separate judgment.

Dated this 18th day of June, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

2